Coös,
Nov. 7, 1911.

## COULOMBE v. EASTMAN.

The officers and stockholders of a corporation whose object is the promotion of social recreation and amusement, and not a dividend of profits, are not individually liable for its debts and contracts.

The fact that such corporation has obtained funds for the discharge of its liabilities by the sale of stock to some of the members, and has paid out of the money received for dues dividends equal to the legal rate of interest upon the par value of such shares, does not conclusively establish that its object is a dividend of profits.

DEBT. The plaintiff, having recovered a judgment against the Maynesboro Club in an action for breach of contract, sought to enforce it against the defendant, an officer and shareholder of the club, by virtue of sections 5, 14, and 16, chapter 150, Public Statutes. Trial by the court and verdict for the defendant, to which the plaintiff excepted. Transferred from the December term, 1910, of the superior court by *Pike*, J.

In October, 1901, the defendant and twelve others, acting in pursuance of chapter 147, Public Statutes, formed a corporation under the name of the Maynesboro Club, "for the purpose of promoting social recreation and amusement." The capital stock was fixed at $1,000, divided into shares of $25 each. The articles ✓ of incorporation were duly recorded in the office of the city clerk of Berlin and with the secretary of state, but the certificate and return provided for by sections 14 and 16, chapter 150, Public Statutes, were not filed. Prior to the formation of the corporation, an organization existed in Berlin under the same name and for the same objects, which became merged in the corporation "for the purpose of paying up some old bills and debts." After the incorporation one of the members of the club received a dividend upon the share of stock which he owned. The revenue of the club was derived from the monthly dues of members and the profits accruing from dances given under its auspices. The court found that the sole object for which the corporation was established was that stated in the articles of incorporation, and not a division of profits among the members.

*Libby & Coulombe* (*Mr. Libby* orally), for the plaintiff.

*Herbert I. Goss* and *William H. Paine* (*Mr. Goss* orally), for the defendant.

Young, J.   If the Maynesboro Club is not a corporation whose officers may incur individual liability, the plaintiff's exception must be overruled.   Whether it is such a corporation depends on the proper construction of section 1, chapter 150, Public Statutes, which provides: "The officers and stockholders of corporations whose object is a dividend of profits, except banks, shall be individually liable for the debts and contracts of the corporation in the cases and to the extent specified in this chapter, and not otherwise." If this language is given its ordinary meaning, the only corporations whose officers may incur individual liability are those which engage in business to make money for their shareholders.   The test, therefore, to determine whether this club is such a corporation is to inquire why it carries on the business of "promoting social recreation and amusement."   Is it to make money for its shareholders, or to promote the mental or physical welfare of its members?   In other words, the test to determine that question is not to inquire under which of the subdivisions of section 1, chapter 147, Public Statutes, the club was organized, but as to the purpose which induced it to engage in business.

The defendant offered evidence tending to prove that the club was a purely social organization, and that the greater part of its income was derived from monthly dues paid by its members. The plaintiff, however, contends that the presumption that the club is not a corporation whose object is a dividend of profits, which may be drawn from this evidence, is rebutted by the facts that it has paid a dividend to one of its shareholders, and has made a contract with him by the terms of which he is to manage the club for one year and pay the shareholders a dividend of six per cent.

The weight to which this evidence is entitled depends on the purpose for which the stock was issued.   If it was issued to provide the money the club needed to furnish its rooms, and to pay its debts or those of the partnership it was organized to succeed, the fact it has paid or intends to pay its shareholders a dividend equal to legal interest has no great tendency to prove that it is a corporation whose object is a dividend of profits, especially if the payment is made out of dues paid by all the members of the club—that is, by the members who are as well as by those who are not shareholders. Such a payment is more like a payment of interest than a dividend. The fact that those who furnished the club with money took shares of stock instead of notes has no effect on the nature of the transaction.   In other words, notwithstanding the shareholders take

nothing until the other creditors are paid, the mere fact that the money they provided to pay the club's debts is represented by stock does not conclusively establish that the club is a corporation "whose object is a dividend of profits."

*Plaintiff's exception overruled.*

All concurred.